## TRIBUNE CO. v. CLAITOR.

### No. 10300.

Court of Civil Appeals of Texas. Galveston.

Jan. 12, 1937.

Cole, Cole, Patterson & Bell, of Houston, for appellant.

L. R. Patton, of Galveston, for appellee.

CODY, Justice.

This suit was brought on open account by the Tribune Company, publisher of the Chicago Tribune, hereafter called plaintiff, against J. D. Claitor, hereafter called defendant, for the sum of $421.40, less a credit of $50.

The defense urged in the trial court was that the defendant, pursuant to a plan for effecting a composition settlement of 25 cents on the dollar with his creditors, had delivered to plaintiff's attorneys, who had cashed it, a check for $92.85, which bore this notation: "This is a composition settlement of the indebtedness due by the Hitchcock Pecan Company (The name under which defendant did business) on a basis of 25% of the dollar."

Plaintiff's attorneys tendered back to defendant a cashier's check for the sum theretofore received by them, asserting no authority on their part to accept on behalf of plaintiff such composition proposal; but defendant refused this tender on the ground that said attorneys at least had apparent authority to make such settlement for plaintiff, and the jury sustained this contention, and judgment was accordingly rendered that plaintiff do not recover the unpaid part of said account.

Under the undisputed evidence in this case the court should have instructed the jury to find for plaintiff. It was only after plaintiff's attorneys had informed defendant that they had no authority to accept his proposed settlement that they acceded to his request to forward his proposal to plaintiff and to hold such check while awaiting plaintiff's action thereon. Defendant was promptly advised that plaintiff declined his proposal, but, in the interim between taking defendant's check and receiving word from plaintiff of its refusal of defendant's offer, the bookkeeper of plaintiff's attorneys, without their knowledge or approval, deposited it to their credit. It is very clear, therefore, that neither plaintiff nor any one acting under its authority accepted defendant's proposed composition agreement.

Now for the first time, and in this court, after having rejected the tender in the trial court solely on the ground stated above, defendant asserts the claim that plaintiff's attorneys, in making their tender in the form of a cashier's check, had committed such a fault in observing the punctilios necessary to a valid tender as prevented plaintiff recovering. In short, the theory on which the defense was based in this court is different from that on which it was based in the trial court. But we pretermit discussion of these points, because the money paid to plaintiff's attorneys was not received by them with plaintiff's authority, but they received it as defendant's agents, and as a step toward inducing, for defendant, plaintiff to accept defendant's proposal.

There was no reason whatever for plaintiff to tender back money it never received.

Reversed and rendered.